**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **DAN TRAMMELL,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**AFNI, INC., an Illinois corporation,**<br><br>**Defendant.** | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. Plaintiff DAN TRAMMELL ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AFNI, INC. (hereinafter "Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12;

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Cowlitz, State of Washington which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)    is authorized to conduct business in this district;

00409539-1

| COMPLAINT | 2 | **KAZEROUNI LAW GROUP, APC**<br>1546 NW 56TH STREET<br>SEATTLE, WA 98107<br>PH.: 800 400-6808 |
|---|---|---|

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has intentionally availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Cowlitz, State of Washington. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Illinois with a corporate headquarters at 404 Brock Dr., Bloomington, Illinois 61701, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the County of Cowlitz, State of Washington, and within this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the County of Cowlitz, State of Washington, and within this judicial district.

10. At no time did Plaintiff enter into a business relationship with Defendant.

11. Beginning sometime in September 2014, Defendant initiated multiple telephonic communications from telephone number (886) 647-0881 to Plaintiff's cellular telephone number ending in "6662" through the use of an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A) to make unsolicited phone calls.

12. On several occasions, Plaintiff called Defendant back and spoke with Defendant's representative to request that Defendant stop calling Plaintiff's cellular telephone, thereby expressly revoking any purported prior existing consent to call Plaintiff.

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

13. On one such occasion, on or about February 27, 2015, at approximately 3:56 p.m. P.S.T., Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "6662." Plaintiff answered the incoming call and, after being greeted by a prerecorded voice message, spoke with Defendant's representative. Plaintiff once again asked Defendant to cease all and any further phone calls to Plaintiff's cellular telephone.

14. To the date of this Complaint, Plaintiff has received over 331 unauthorized telephone calls to his cellular telephone since September 2014.

    a. Between the months of September 2014 and December 2014, Plaintiff received approximately 103 telephone calls to his cellular telephone from Defendant via an ATDS and/or a prerecorded or artificial voice.

    b. In 2015, Plaintiff received approximately 218 telephone calls to his cellular telephone from Defendant via an ATDS and/or a prerecorded or artificial voice.

    c. In January 2016, Plaintiff received approximately 10 telephone calls to his cellular telephone from Defendant via an ATDS and/or a prerecorded or artificial voice.

15. Defendant's calls constituted calls that were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant did not have prior written express consent to call Plaintiff and make these telephone calls using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

18. On information and belief, Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to repeatedly call Plaintiff because Plaintiff was greeted by a prerecorded message prior to speaking with Defendant's representative and received numerous voicemail messages containing an artificial or prerecorded voice message from Defendant.

19. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
20. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).
21. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
25. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
27. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

//
//
//
//
//

00409539-1

## TRIAL BY JURY

30. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 26, 2016

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:    */s/ Abbas Kazerounian*
Abbas Kazerounian, Esq. (WSBA # 48522)
ak@kazlg.com
Mona Amini, Esq.
mona@kazlg.com
1546 NW 56th Street
Seattle, WA 98107
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (WSBA # 49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**KIESEL LAW LLP**
Jeffrey A. Koncius, Esq.
koncius@kiesel-law.com
Matthew A. Young, Esq.
young@kiesel-law.com
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

*Counsel for Plaintiff*

00409539-1